UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Stepan Sereda,<br><br>    *Plaintiff*,<br><br>v.<br><br>Nomad Freight Inc.,<br><br>    *Defendants*. | No. 24 CV 6664<br><br>Judge Lindsay C. Jenkins |

## Memorandum Opinion and Order

Plaintiff Stepan Sereda sued his former employer, Nomad Freight, after a supervisor attacked him on the job. [Dkt. 58 at 4.][1] In his original complaint, Sereda alleged that Nomad Freight violated Title VII by discriminating against him on account of his national origin and immigration status. [Dkt. 1 at 5.] Nomad Freight filed a motion to dismiss arguing, among other things, that Sereda's complaint was untimely; the EEOC right-to-sue letter attached to Sereda's complaint indicated that he filed his charge with the EEOC too late, more than 300 days after the alleged discriminatory incident occurred. [Dkt. 43 at 9.] Rather than respond to Nomad Freight's timeliness argument, Sereda filed an amended complaint. [Dkt. 58.] He now alleges that Nomad Freight violated (1) the Federal Motor Carrier Safety Regulations concerning use of an electronic logging device; (2) OSHA requirements concerning provision of safe working environments; and (3) the Whistleblower Protection Act embodied in 49 U.S.C. § 31105.[2] For the reasons explained, Nomad Freight's motion to dismiss is granted in its entirety. [Dkt. 64.]

## Background

After Sereda was hired by Nomad Freight, a supervisor trained him.[3] [Dkt. 58 at 4-5.] While being trained, Sereda witnessed the instructor commit what Sereda

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

[2] Sereda also alleged a claim titled "diversity jurisdiction." Diversity jurisdiction is not a cause of action, but instead a basis for the Court's jurisdiction. Consequently, the Court disregards this claim.

[3] The Court accepts as true all well-pled allegations set forth in Sereda's First Amended Complaint [Dkt. 58] and draws all reasonable inferences in Plaintiff's favor. *See Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019). Where necessary for context, the Court also considers facts set forth in Sereda's original complaint. [Dkt. 1.] In setting forth the facts at the pleading stage, the Court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

says was an "obvious violation … related to the logbook"—resetting the "electronic logging device (ELD)." [*Id.*] After observing this behavior, Sereda felt uneasy, decided to leave, and "began to look for a place to get off the truck." [*Id.*]

On July 2, 2023, while sitting in the running truck in a parking lot, Sereda told his instructor that he was quitting. [*Id.*] Sereda "suddenly passed out" but explains that the instructor physically attacked him including by choking him. [*Id.* at 4–5.] Sereda managed to call 911 but, as a result of the assault, his lung collapsed, and he had to undergo surgery. [*Id.*] It is apparent from the medical records Sereda filed on the docket that he is still suffering both physical and emotional harm. [Dkt. 1 at 9.]

Nomad Freight moves to dismiss Sereda's amended complaint on several grounds. First, it argues Sereda abandoned his Title VII claims in his amended complaint. [Dkt. 64 at 5.] Second, it argues that neither the Federal Motor Carrier Safety Regulations nor OSHA provide for a private cause of action. [*Id.* at 5–8.] Third, it argues that the court lacks subject matter jurisdiction to review claims under § 31105, because Sereda failed to exhaust his administrative remedies.

The Court addresses each argument, ultimately dismissing all the claims.

## Standard of Review

A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject-matter jurisdiction, while a motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. In both cases, the Court takes well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor. *Choice v. Kohn L. Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023); *Reardon v. Danley*, 74 F.4th 825, 826–27 (7th Cir. 2023).

"To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up). This occurs when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Garrard v. Rust-Oleum Corp.*, 575 F. Supp. 3d 995, 999 (N.D. Ill. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)).

## Title VII Claims

Nomad Freight moves to dismiss Sereda's Title VII claims arguing they are untimely and, in any event, Sereda abandoned them by not including them in his amended complaint. Sereda admits he did not timely file his charge before the

EEOC,[4] but argues that equitable tolling should apply since the delay is attributable to his poor health. [Dkt. 69 at 1.] He does not address the abandonment arguments.

The Court concludes that Sereda abandoned his Title VII claims. When Nomad Freight first sought dismissal, the Court granted Sereda's request for an extension of time to respond and explained that if Sereda intended to file an amended complaint instead of respond to the motion to dismiss, any amended pleading would "supersede[] the original complaint and must stand complete on its own." [Dkt. 50.] Nonetheless, Sereda's amended complaint omits any reference to Title VII or discrimination on the basis of any protected class.

Courts faced with similar situations regularly conclude that a claim omitted from the amended pleading is abandoned. *See, e.g.*, *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 773 (7th Cir. 2011) (explaining that dropping defendants from amended pleading constituted abandoning claims against those defendants); *Fentress v. Potter*, 2012 WL 1577504, at *1 (N.D. Ill. May 4, 2012) ("The amended complaint includes none of the original complaint's claims, which are deemed abandoned.")

Even setting aside this issue, the Seventh Circuit has recognized only three circumstances in which equitable tolling extends filing deadlines. *Porter v. New Age Servs. Corp.*, 463 F. App'x 582, 584 (7th Cir. 2012). First, "when a plaintiff exercising due diligence cannot within the statutory period obtain the information necessary to realize she has a claim;" second, "when a plaintiff makes a good-faith error such as timely filing in the wrong court"; and third, "when the defendant prevents a plaintiff from filing within the statutory period." *Id.*

None of these circumstances apply. Sereda does not argue that he was lacking any information necessary to file his charge, was confused about the process, or that Nomad Freight did anything to discourage his efforts. Sereda directs the court to various medical records to support his tolling argument. While it's clear that Sereda underwent significant medical care, none of the records suggest that the timing of the medical treatment prohibited him from filing a timely charge before the EEOC. Given that equitable tolling is unavailable in this scenario, Sereda's Title VII claims are dismissed.

---

[4] As the Court previously explained, *see* dkt. 46, because Illinois is a "deferral" state, Sereda had to file his EEOC charge of discrimination within 300 days of the last allegedly unlawful act, that is, within 300 days of July 2, 2023. See *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). Sereda filed his EEOC charge on April 30, 2024, so the EEOC notified him on May 21, 2024 that his claims were untimely. [Dkt. 1 at 6, 10.] As such, the claims are time barred. *Farris v. Vector Construction, Inc.*, 2023 WL 4883491 (7th Cir. Aug. 1, 2023).

### Federal Motor Carrier Safety Regulations

Sereda alleges that he observed his instructor reset the truck's ELD in violation of the Hours of Service rules established by the Federal Motor Carrier Safety Regulations. [Dkt. 58 at 1.] Nomad Freight explains, under the Motor Carrier Act, the Secretary of Transportation sets maximum hours of service for employees engaged in truck driving to protect the public on highways from hazards presented by unfit personnel operating vehicles. [Dkt. 64 at 6.] To that end, the Secretary of Transportation mandates the use of ELDs to track how long operators have been driving. [*Id.*]

Simply put, there is no evidence that private citizens can bring a cause of action for failure to abide by regulations concerning use of ELDs. The applicable regulation, 49 C.F.R. § 395.8, is silent on the matter. The only section within chapter 49, subtitle VI of the U.S. Code discussing ELDs, § 31137, also lacks a private right of action.

Looking to cases discussing the Federal Motor Carrier Safety Regulations in general, the only case the Court could find that recognized a private cause of action is *Marrier v. New Penn Motor Express, Inc.*, 140 F. Supp. 2d 326, 328 (D. Vt. 2001). But that case dealt with a different section of the statute concerning the mandatory provision of safe equipment and facilities which explicitly provides for the availability of damages. *Id.* Not so for the section concerning ELDs. Sereda does not connect any ELD violation to his physical injury, so *Marrier* does not apply. *See, e.g.*, *McDowell v. J.B. Hunt Transp., Inc.*, 2004 WL 1878334, at *3 (N.D. Ill. Aug. 10, 2004) (finding no private action for section of FMCSR concerning drug testing); *Lopez v. Univ. of the Sw.*, 2024 WL 68531, at *1 (D.N.M. Jan. 5, 2024) ("[T]here is no private right of action for FMCSR claims.").

In sum, given the lack of any indication in the text of the regulation or the case law that a private right of action exists permitting employees to sue their employers for failure to abide by Department of Transportation requirements concerning ELDs, Sereda's cause of action is dismissed for failure to state a claim.

### OSHA Claim

Sereda also alleges that Nomad Freight violated 29 U.S.C. § 651 by failing to provide safe working conditions and violating labor laws. OSHA does not provide a private right of action, though, so Sereda's claim must be dismissed. *Gaines v. White River Env't P'ship*, 66 F. App'x 37, 40 (7th Cir. 2003); *Wickham v. Am. Tokyo Kasei*, Inc., 927 F. Supp. 293, 295 (N.D. Ill. 1996) ("[C]ourts have consistently held that OSHA is a purely regulatory provision that creates no private right of action."). Sereda, a private citizen, cannot sue to enforce OSHA's requirements or to collect damages as a result of his former employer's alleged failure to abide by OSHA requirements. OSHA "is enforced by fines or criminal prosecution" only. *Wickham*, 927 F. Supp. at 295.

### Section 31105 Whistleblower Claim

Sereda's final claim in his amended complaint is for violation of 49 U.S.C. § 31105, referred to as the Surface Transportation Assistance Act, which prohibits "discharge, … discipline or discriminat[ion] against an employe regarding pay, terms, or privileges of employment" where the employee is a whistleblower on issues of motor vehicle safety.

Nomad Freight argues that this Court lacks subject-matter jurisdiction over this claim because Sereda failed to make a timely complaint with the Secretary of Labor as required by the statute. An employee who has suffered discharge, discipline, or discrimination for reporting safety violations has 180 days from the alleged violation to file a complaint with the Secretary of Labor; the Secretary has 210 days to respond, otherwise the employee can file a lawsuit in court. *Johnson v. Melton Truck Lines, Inc.*, 2016 WL 8711494, at *11 (N.D. Ill. Sept. 30, 2016).

Although this issue is not hotly litigated within the Seventh Circuit, at least one court considered whether the Surface Transportation Assistance Act requires exhaustion (that is, timely filing before the Secretary of Labor before filing suit) and concluded that it does. *Mattingly v. Heartland Exp., Inc., of Iowa*, 2011 WL 886170, at *4 (N.D. Ind. Mar. 14, 2011) ("It is difficult to see how there could be a more plainly-expressed requirement to file a complaint with the Secretary of Labor before pursuing a federal action.").

This Court finds the *Mattingly* court's analysis persuasive. Section 31105(c) provides that "*if* the Secretary of Labor has not issued a final decision within 210 days …, the employee may bring an original action … in the appropriate district court." (emphasis added). The ability to bring a lawsuit is expressly conditioned on first bringing a claim before the Secretary of Labor. For the same reasons discussed concerning equitable tolling of Title VII claims, the Court does not believe it is appropriate to toll the deadline to file with the Secretary of Labor (which has long passed).

This is particularly true because Sereda has failed to state a claim under the statute. In relevant part, the statute provides a cause of action for retaliation where the employee has filed a complaint, is about to file a complaint, or has or is about to testify concerning the violation of a safety regulation. *Id.* § 31105(a)(1)(A)(i). It may also apply where the employee refuses to operate the vehicle because doing so would violate a safety standard or the employee has reasonable apprehension of injury. *Id.* § 31105(a)(1)(B).

Sereda does not allege that he filed or was about to file a complaint concerning the alleged ELD violation. He doesn't indicate that he told his instructor about his concerns about the ELD. He doesn't allege that he believed that continuing to operate the truck was dangerous. Instead, he says he "felt uneasy" and "decided to leave" his

5

job. [Dkt. 58 at 4.] When voicing his decision to his instructor, he doesn't allege that he mentioned anything about workplace safety or use of the ELD but instead said he quit. [*Id.*] Simply put, his complaint offers no facts to allow for the reasonable inference that the attack was a result of Sereda's opposition to any violation of workplace safety rules. Consequently, even setting aside the administrative exhaustion issue, Sereda fails to state a claim under § 31105.

## Conclusion

For these reasons, Sereda's amended complaint is dismissed in its entirety with prejudice. Amendment would be futile because Sereda's claims either do not permit enforcement by private citizens or Sereda failed to administratively exhaust them. *Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 520 (7th Cir. 2015).

Enter: 24 CV 4385
Date:  February 27, 2025

_____
Lindsay C. Jenkins
United States District Judge